■ FRANK J. CICALE et al., Appellants, v. JOHN J. BECKER, Respondent.— Appeal (1) from a judgment of the Supreme Court in favor of plaintiffs, entered March 3, 1972, in Ulster County, upon a verdict rendered at Trial Term; and (2) from an order of said court which denied plaintiffs' motion to increase the verdict as against the weight of evidence, and for a new trial. On September 15, 1969 an automobile being driven by plaintiff Frank J. Cicale and in which his wife, plaintiff Mary Cicale was a passenger, was rear-ended by an automobile driven by defendant John J. Becker. Mary Cicale sustained a whiplash injury for which she was treated six times by an orthopedist and received 24 therapy treatments. She was confined to her home for three weeks after the accident. At the time of the trial, some 2½ years after the accident, she still experienced intermittent pain, and it was opined by the orthopedist, and uncontroverted, that her condition was permanent. Her medical bill totalled $480 ($300 for therapy and $180 for doctor's services). The jury returned a verdict of $750 on the cause of action for the husband, and $350 for the plaintiff wife, the latter amount of which is deemed inadequate by plaintiffs. The determination of the amount of damages in a negligence action is peculiarly within the function of the jury (Brown v. McChesney, 279 App. Div. 825) but the court has a duty to prevent the jury from awarding an amount that is either excessive or inadequate (Schuler v. Newhof, 276 App. Div. 887). A verdict of $350 for the personal injury, and attendant pain and suffering, must be termed on this record, inadequate and consequently against the weight of evidence. Judgment and order reversed, on the law and the facts, with costs, and a new trial ordered, unless within 20 days after the service of the order to be entered hereon defendant stipulates to increase the verdict in favor of plaintiff Mary Cicale to the sum of $1,500, in which event judgment, as so modified, affirmed, without costs. Staley, Jr., J. P., Greenblott, Cooke, Kane and Reynolds, JJ., concur.